ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FIRSTBANK PUERTO RICO, <br><br> Recurrida, <br><br> v. <br><br> JORGE CARLO SÁNCHEZ MARCHOSKY, <br><br> Peticionaria. | KLCE202301263 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. <br><br> Civil núm.: SJ2017CV03009. <br><br> Sobre: cobro de dinero y ejecución de hipoteca. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Comparece la parte peticionaria, señor Jorge Carlo Sánchez Marchosky (señor Sánchez), y nos solicita que revisemos y revoquemos la orden-resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 12 de octubre de 2023, notificada el 18 de octubre de 2023. Mediante la misma, el foro primario determinó que no procedía el descubrimiento de prueba solicitado por el señor Sánchez, por lo que le ordenó cumplir con lo dispuesto en la vista celebrada el 27 de septiembre de 2023[1].

Adicionalmente, la parte peticionaria solicitó que revisáramos y revocáramos la orden emitida el 23 de octubre de 2023, notificada al día siguiente[2]. En esta, el Tribunal de Primera Instancia reiteró que el término establecido por la institución financiera para presentar una apelación administrativa se encontraba fuera del ámbito del caso, por lo que no haría determinaciones al respecto que no estuviesen relacionadas a la buena fe que debía permear el proceso o lo discutido en las vistas. Asimismo, afirmó que las partes tendrían los términos pactados para llegar a un acuerdo previo al próximo señalamiento de vista.

---

[1] *Véase,* apéndice del recurso, a la pág. 276.

[2] *Íd.,* a la pág. 283.

Número identificador

RES2023_____

Inconforme, el señor Sánchez instó este recurso el 13 de noviembre de 2023, al que se opuso oportunamente la parte recurrida el 27 de noviembre de 2023. Evaluada la petición de *certiorari*, la oposición a su expedición, así como el derecho aplicable, este Tribunal deniega la expedición del auto.

I

Este pleito inició el 26 de diciembre de 2017, cuando la parte recurrida, Firstbank de Puerto Rico, presentó una demanda por cobro de dinero y ejecución de hipoteca contra el señor Sánchez[3]. Tras múltiples incidentes, algunos naturales y otros procesales, el 22 de junio de 2022, Firstbank presentó una solicitud de sentencia sumaria[4]. El 18 de abril de 2023, el señor Sánchez presentó su oposición.

El 26 de septiembre de 2023, el señor Sánchez presentó una moción mediante la cual le solicitó al foro primario que, entre otros asuntos, permitiera el descubrimiento de prueba[5]. Más adelante, el 2 de octubre de 2023, presentó una moción a través de la cual informó al tribunal que había notificado a Firstbank un pliego de interrogatorios y requerimiento de admisiones[6]. Ante ello, el 12 de octubre de 2023, Firstbank presentó su oposición y adujo que la referida solicitud no era más que una táctica para dilatar los procedimientos[7].

El 16 de octubre de 2023, Firstbank informó que, entre las opciones de mitigación de pérdidas, se había evaluado una oferta de *short payoff* presentada por el señor Sánchez, la cual no fue aceptada. Además, entre otros asuntos, señaló que la apelación administrativa del señor Sánchez fue presentada fuera del término establecido para ello[8].

---

[3] *Véase,* apéndice del recurso, a las págs. 1-10.

[4] *Íd.*, a las págs. 96-155.

[5] *Íd.*, a las págs. 255-257.

[6] *Íd.*, a la pág. 258.

[7] *Íd.*, a la pág. 268.

[8] *Íd.*, a las págs. 273-274.

Así las cosas, el 12 de octubre de 2023, el foro primario emitió la orden/resolución, notificada a las partes el 18 de octubre de 2023[9]. Mediante la misma, consignó su determinación en cuanto a que, luego de examinar el trasfondo procesal del caso, en el cual ya se había presentado una solicitud de sentencia sumaria, no procedía el descubrimiento de prueba.

El 20 de octubre de 2023, el señor Sánchez presentó una nueva moción. Ello con el propósito de solicitar al tribunal que compeliera a Firstbank a que considerara nuevamente las alternativas de mitigación de pérdida, entre ellas, una oferta previa, así como la opción del *short payoff*. El 24 de octubre de 2023, el foro primario notificó una orden mediante la cual aclaró que no intervendría en el proceso de apelación administrativa.

Inconforme con las determinaciones del Tribunal de Primera Instancia, el 26 de octubre de 2023, el señor Sánchez presentó una moción de reconsideración[10]. La misma fue declarada sin lugar el 30 de octubre de 2023[11].

Aún inconforme, el 13 de noviembre de 2023, el señor Sánchez presentó este recurso y formuló los siguientes señalamientos de error[12]:

> Erró el foro de instancia al denegar el pliego de interrogatorios, requerimiento de admisiones y requerimiento para la producción de documentos de la parte recurrente, dirigido a la parte recurrida, cuando en este caso nunca ha acontecido descubrimiento de prueba y no, obstante, lo anterior la parte recurrida presentó moción solicitando sentencia sumaria.
>
> Erró el foro de instancia al aseverar que la moción solicitando sentencia sumaria cuenta con evidencia admisible que la sustenta y permite dictar sentencia sumaria en este caso y compeliendo a la parte recurrente a contestar dicha moción cuando la parte recurrente replicó la moción solicitando sentencia sumaria de la parte recurrida y la documentación que acompaña la última no derrota, en modo alguno, la existencia de hechos materiales controvertidos identificados en la oposición de sentencia sumaria de la parte recurrente y en escritos posteriores suyos y que no son meras

---

[9] *Véase,* apéndice del recurso, a la pág. 276.

[10] *Íd.*, a las págs. 293-300.

[11] *Íd.*, a la pág. 301.

[12] Cabe señalar que este recurso fue presentado junto con una moción en auxilio de jurisdicción, la cual declaramos sin lugar el 14 de noviembre de 2023.

alegaciones tardías como asevera incorrectamente el foro de instancia y que impiden disponer de este caso por la vía sumaria y favorecen el descubrimiento de prueba en el caso de epígrafe.

Erró el foro de instancia al compeler a la parte recurrente a cumplir con los términos para satisfacer la oferta de venta corta de la parte recurrida, pero omite que la información necesaria para poder satisfacer dicha oferta obra en poder de la parte recurrida y por ello es necesario también el descubrimiento de prueba en este caso.

Erró el foro de instancia al no entrar en los méritos de la denegatoria de la apelación administrativa de la parte recurrente aduciendo que lo referente al procedimiento para presentar dicha apelación se halla fuera del ámbito de poder del foro de instancia, excepto lo relativo al proceder de buena fe de las partes, cuando precisamente la parte recurrida manejó de mala fe y contrario a sus propios actos dicha apelación administrativa.

(Énfasis omitido).

Conforme ordenado, el 27 de noviembre de 2023, la parte recurrida presentó su oposición a la expedición del recurso.

II

La *Ley de la Judicatura*, Ley Núm. 201-2003, según enmendada, dispone en su Art. 4.006 (b) que nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y(b).

Así, el auto de *certiorari* constituye el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. Este recurso procede para revisar errores de derecho en lo procesal y en lo sustantivo. *Pueblo v. Colón Mendoza*, 149 DPR 630, 637 (1999). Ahora bien, distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Negrón v. Secretario de Justicia*, 154 DPR 79, 91 (2001).

Como foro apelativo nos corresponde evaluar la corrección y razonabilidad de la decisión recurrida y la etapa del procedimiento en que se produce para determinar si es el momento apropiado para nuestra

intervención. Al analizar la procedencia de un recurso de *certiorari*, debemos tener presente su carácter discrecional, que debe ser ejercido con cautela y solamente por razones de peso. *Negrón v. Secretario de Justicia*, 154 DPR, a la pág. 91; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 91 (2008).

De otra parte, precisa señalar que la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III

Los argumentos de la parte peticionaria se reducen a establecer que no es aplicable al caso del título el mecanismo procesal de sentencia sumaria. Ello, en miras de que se declare la nulidad de los procedimientos iniciados el 26 de diciembre de 2017, o se permita el descubrimiento de prueba, y se inicie un nuevo procedimiento de mediación[13] al amparo de la Ley Núm. 184-2012, según enmendada, intitulada *Ley para Mediación*

---

[13] Nótese que este caso ya había sido referido a la mediación compulsoria que exige la ley allá para el 30 de enero de 2019. No obstante, a pesar de las gestiones realizadas, el 16 de mayo de 2022, el Centro de Mediación de Conflictos informó al tribunal sobre la ausencia del señor Sánchez a la vista pautada, por lo que devolvió el asunto ante su consideración. Véase, *Alegato en oposición a certiorari* presentado por Firstbank el 27 de noviembre de 2023, a las págs. 2-4.

*Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal*, 32 LPRA sec. 2881, *et seq.*,

Ahora bien, evaluado el expediente y el derecho aplicable resolvemos que la parte peticionaria no logró establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido hubiera abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones en esta etapa de los procedimientos.

IV

Por los fundamentos previamente expuestos **denegamos** la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones